IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CV 13-8071 PCT PGR MEA |
|---|---|
| Plaintiff/Respondent, | CR 09-8073 PCT PGR |
| v. | **REPORT AND RECOMMENDATION** |
| Nathan Brooks Manuelito, | |
| Defendant/Movant. | |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

On or about April 1, 2013, Mr. Nathan Manuelito ("Movant"), who is incarcerated in Kentucky, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, with regard to a criminal conviction entered by the Court.[1] On May 5, 2014, Respondent filed an exceptionally thorough and well-reasoned Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Response") (Doc. 14 & Doc. 16). On June 16, 2014, Movant docketed a pleading captioned as a motion for a hearing, which was denied insofar as Movant sought a hearing and granted insofar as Movant sought additional time to file a reply to the response to his motion. See Doc. 19. In the order at Doc. 19 the Court allowed Movant until August 1, 2014, to docket a reply to the response to his section 2255 motion. On August 4, 2014, Movant docketed a pleading captioned as one seeking an evidentiary

---

[1] Movant initiated two prior section 2255 actions, 3:10 cv 8063 and 3:12 cv 8078, which were both dismissed without prejudice.

hearing with regard to all of the claims stated in his section 2255 motion. See Doc. 20. In the pleading at Doc. 20 Movant re-urges the merits of his claims for relief from conviction and sentencing and contends that non-constitutional claims are a basis for relief.

**I Procedural History**

On July 1, 2009, an Arizona federal grand jury indicted Movant on one count of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3) (Count 1), and one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6) (Count 2). See Criminal Doc. 1. At Movant's trial an eyewitness and the victim testified that, on April 22, 2009, Movant stabbed the victim, who was known to him, without provocation. The victim was stabbed three times, resulting in serious, life-threatening injuries. As summarized, a witness at Movant's trial testified:

> Defendant ran towards Danny [the victim, who had already been stabbed,] and Nicole [the victim's sister, who was on the porch of her mother's home] with the knife. (RT 10/14/09 160; RT 10/15/09 282.) Both Danny and Nicole picked up wood from a nearby wood pile and threw it at Defendant. (RT 10/14/09 206.) Defendant then turned around and ran the other way. (RT 10/15/09 295.) Jay Dee had seen Danny and Nicole throw wood at Defendant, and tried to follow him when he ran away, but later decided not to because he thought Defendant might still be mad and stab him. (RT 10/14/09 205-07.)

Doc. 16 (Response) at 4.

Movant also testified at his trial, asserting that he was frightened of the victim and that he acted in self-defense. Id. at 6. Movant also testified, however, that he never saw the victim brandish a weapon prior to or after stabbing the victim. Id.

The jury found Movant not guilty on Count 1, assault with a dangerous weapon, but found him guilty on Count 2, assault resulting in serious bodily injury. See Criminal Doc. 40. On March 22, 2010, pursuant to this conviction, Movant was sentenced to a term of 110 months imprisonment followed by three years of supervised release. See Criminal Doc. 53.

Movant was appointed counsel to represent him in his direct appeal. Counsel filed an opening brief raising both a non-frivolous issue and issues pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967).[2] The Ninth Circuit Court of Appeals granted a motion urged by the government and ordered Movant to "file an opening brief raising any non-frivolous issues." Movant filed another opening brief raising only one non-frivolous issue, i.e., whether the trial court's jury instruction on self-defense was erroneous. See Ninth Circuit Court of Appeals No. 10-10133 at Doc. 41. The Ninth Circuit Court of Appeals held that the jury instruction was correct and affirmed Movant's conviction and sentence. See Criminal Doc. 83 (Mandate of Ninth Circuit court of Appeals).

In this section 2255 action Movant asserts that: (1) he was denied his right to be free from double jeopardy; (2) the government withheld exculpatory evidence, i.e., DNA test results, in violation of Movant's rights pursuant to Brady v. Maryland; (3) the trial court gave an erroneous jury instruction and the prosecutor committed misconduct in the form of vouching; (4) the trial court erred in imposing sentence; (5) he was denied his right to the effective assistance of trial counsel; and (6) he was denied his right to the effective assistance of appellate counsel.

---

[2] Pursuant to the decision in Anders, appointed appellate counsel for an indigent defendant in a direct appeal may inform the court that all of the defendant's grounds for appeal are frivolous and they may move to withdraw as counsel. Defense counsel must first file an "Anders brief "on behalf of the indigent defendant presenting the strongest arguments in favor of the client supported by citations to the record and to applicable legal authority. See United States v. Griffy, 895 F.2d 561, 563 (9th Cir. 1990). After receiving an Anders brief, "the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." Anders, 386 U.S. at 744, 87 S. Ct. at 1400. If the court concludes that the appeal is frivolous, it may grant counsel's motion to withdraw and dismiss the appeal. "On the other hand, if it finds any of any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id  "[A]an attorney may file an Anders brief only when, after reviewing the entire record, he finds an appeal 'wholly frivolous.'" Anders, 386 U.S. at 744, 87 S.Ct. 1396." Graves v. McEwen, 731 F.3d 876, 880 (9th Cir. 2013).

To the extent Movant did not raise the claims stated as Movant's first, second, third and fourth claims for collateral relief in his direct appeal, Movant has procedurally defaulted his first, second, third, and fourth claims. To the extent these claims were raised in his direct appeal and decided by the Ninth Circuit Court of Appeals, the Court should not revisit the merits of those issues. Movant's claims regarding ineffective assistance of trial and appellate counsel may be denied on the merits.

**II Analysis**

Because "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal," Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610 (1998), absent a showing of cause and prejudice a section 2255 movant procedurally defaults all claims not raised in his direct appeal, other than claims asserting that the movant was deprived of the right to the effective assistance of counsel. See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982); United States v. Ratigan, 351 F.3d 957, 964 (9th Cir. 2003); United States v. Skurdal, 341 F.3d 921, 925 (9th Cir. 2003); United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

"[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 167-68, 102 S. Ct. at 1594. See also Ratigan, 351 F.3d at 964; Skurdal, 341 F.3d at 925.

> Generally, to demonstrate "cause" for procedural default, an appellant must show that "some objective factor external to the defense" impeded his adherence to the procedural rule. Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, [] (1986). However, if the record shows that an appellate counsel's performance fell below the standard of competency of counsel set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, [] (1984), or that he was denied representation by counsel on appeal altogether, he has demonstrated cause for his procedural default.

Skurdal, 341 F.3d at 925.

- 4 -

To succeed on a claim of ineffective assistance of appellate counsel, Movant must show that (1) his appellate counsel's performance fell below an objective standard of reasonableness, and (2) the deficiency in appellate counsel's performance prejudiced him. See, e.g., Strickland v. Washington, 466 U.S. 668, 688, 692, 104 S. Ct. 2052, 2065, 2067 (1984); Skurdal, 341 F.3d at 925; United States v. Baker, 256 F.3d 855, 862 (9th Cir. 2001). To succeed on a claim that appellate counsel's performance was unconstitutionally ineffective, the defendant "must first show that his counsel was objectively unreasonable," in other words, that "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising" those issues. Smith v. Robbins, 528 U.S. 259, 285 & 288, 120 S. Ct. 746, 762 & 764 (2000). The defendant must then demonstrate that his counsel's errors were prejudicial. Id., 528 U.S. at 285, 120 S. Ct. at 765-66. To establish prejudice the defendant "must show a reasonable probability that, but for his counsel's unreasonable failure...he would have prevailed on his appeal." Id.

To establish that his appellate counsel's performance was unconstitutionally deficient Movant must show that result of his direct appeal would have been different had his appellate counsel raised what Movant asserts is a meritorious claim. Appellate counsel's decision to not raise a weak issue on appeal indicates simultaneously that counsel's performance was objectively reasonable and that counsel's performance did not prejudice the defendant. See Baker, 256 F.3d at 862; Wildman v. Johnson, 261 F.3d 832, 840 (9th Cir. 2001) ("[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal."). Generally, what claims to be raised on appeal are presumed to be left to the expertise of appellate counsel and the alleged "failure" to raise a meritless issue on appeal is not ineffective assistance of appellate counsel. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeals." Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312-13 (1983). Consequently, "absent contrary evidence," the federal courts may "assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy.'" United States v. Brown, 528 F.3d 1030, 1033 (8th Cir. 2008). However, "[b]ecause denial of

effective [appellate] counsel is prejudicial per se," if a movant establishes that their appellate counsel failed to raise a meritorious claim in their direct appeal they have "demonstrated cause and prejudice for the failure to raise the contentions on direct appeal that" they then present in their section 2255 motion. Skurdal, 341 F.3d at 927-28, citing Strickland, 466 U.S. at 692, 104 S. Ct. at 2067 and Penson v. Ohio, 488 U.S. 75, 88-89, 109 S. Ct. 346, 354 (1988) ("[T]he presumption of prejudice must extend as well to the denial of counsel on appeal.").

> Defendant contends that his appellate counsel. Marc Victor, was ineffective for failing to raise the following issues on appeal: (1) sentencing—namely, the sub-claims regarding use of his current conviction as a crime of violence; use of his prior conviction for career criminal status; 4-level enhancement for use of a dangerous weapon; denial of adjustment for acceptance of responsibility, and restitution; (2) Brady violation concerning the DNA evidence; (3) precluded evidence in government's motions #29 and #34; and (4) double jeopardy. (CV 13-08071-PCT-PGR, CR 1 at 27-28.) Because the government has already demonstrated that these claims are meritless, and thus Mr. Victor was not ineffective for failing to raise these claims—thereby undercutting his claim that he has cause to excuse his procedural default on these claims—no further response on these claims is necessary.

Response at 61.

Movant has not shown cause nor prejudice with regard to any defaulted claim. Movant has not established that his appellate counsel's performance was unconstitutionally deficient or that he was prejudiced by any alleged error. Compare Skurdal, 341 F.3d at 927-28.[3] Accordingly, Movant has not established cause for nor

---

[3]

In his motion to withdraw, and the supporting affidavit, Mr. Bevolden failed to set forth any grounds that arguably presented non-frivolous issues "supported by citations to the record and to applicable legal authority," as required by Griffy, 895 F.2d at 563. For example, Mr. Bevolden failed to point out to this court that the district court may have erred in denying Mr. Skurdal his Sixth Amendment right to represent himself at trial as required by Faretta v. California, 422 U.S. 806, 819-20, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Mr. Bevolden failed to inform this court that the district court may have erred in determining that Mr.

prejudice arising from the procedural default of some of his collateral claims which were not raised in Movant's direct appeal.

A section 2255 movant who fails to show cause and prejudice can still obtain review of a claim on collateral attack by demonstrating the likelihood of his "actual," i.e., factual, innocence. See Bousley, 523 U.S. at 623, 118 S. Ct. at 1611-12; United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007). To establish actual innocence the movant must demonstrate that, in light of all the evidence, including new evidence that might be introduced by both sides, it is more likely than not that no reasonable juror would have convicted him. See Ratigan, 351 F.3d at 964, quoting Bousley, 523 U.S. at 623, 118 S. Ct. at 1611. Movant has not established any likelihood of his actual innocence-Movant does not assert that he did not stab the victim, Movant contends he acted in self-defense.

Accordingly, any claim other than an ineffective assistance of trial counsel claim which Movant did not assert in his direct appeal has been procedurally defaulted and should not be considered by the Court.

Furthermore, as a general rule, "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979). A section 2255 petitioner may, in limited circumstances, raise claims of *trial* court error that were previously raised and decided on direct appeal. See Feldman v. Henman, 815 F.2d 1318, 1322 (9th Cir. 1987) (emphasis added), citing Kaufman v. United States, 394 U.S. 217, 227 n.8, 89 S. Ct. 1068, 1074 n.8 (1969). Therefore, to the extent Movant raised any of his section 2255 claims in his direct appeal,

---

Skurdal was not competent because he lacked the "technical legal knowledge" to represent himself. See Godinez v. Moran, 509 U.S. 389, 400, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (holding that a "defendant's 'technical legal knowledge' is 'not relevant' to the determination whether he is competent to waive his right to counsel") (quoting Faretta 422 U.S. at 836, 95 S.Ct. 2525). Mr. Bevolden's failure to file a brief that complied with Anders and Griffy denied Mr. Skurdal his Fifth Amendment right to effective counsel on appeal. Because denial of effective counsel is prejudicial per se, Mr. Skurdal has demonstrated cause and prejudice for the failure to raise the contentions on direct appeal that he presented in his § 2255 motion.

because the claims stated in his direct appeal were denied on the merits by the Ninth Circuit Court of Appeals they should not be considered by the Court.

With regard to Movant's ineffective assistance of trial counsel claim,

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have been different. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" Id.

United States v. Span, 75 F.3d 1383, 1386-87 (9th Cir. 1996). See also United States v. Thomas, 417 F. 3d 1053, 1056 (9th Cir. 2005).

The Sixth Amendment entitles a criminal defendant to "a reasonably competent attorney, whose advice is within the range of competence demanded of attorneys in criminal cases." United States v. Cronic, 466 U.S. 648, 655, 104 S. Ct. 2039, 2044-45 (1984) (internal quotations omitted). In order to find that Movant was deprived of the effective assistance of trial counsel and grant him relief on this claim pursuant to section 2255, the Court must conclude counsel's performance was deficient and that the deficient performance prejudiced Movant. See, e.g., United States v. Withers, 638 F.3d 1055, 1066-67 (9th Cir. 2011). It is Movant's burden to provide the Court with sufficient evidence from which the Court can conclude counsel's performance was unconstitutionally ineffective. See, e.g., United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Counsel's performance is deficient when it is unreasonable, or not "within the range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687, 104 S. Ct. at 2054. Judicial scrutiny of counsel's performance must be "highly deferential." Id., 466 U.S. at 689, 104 S. Ct. at 2065. See also Carter v. Lee, 283 F.3d 240, 248-49 (4th Cir. 2002). Movant must overcome a strong presumption that his counsel's representation was within a wide range of

reasonable professional assistance. See United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1996); United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991). The alleged "failure" to take futile action can never be deficient performance. See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982). A claim of failure to present a viable defense may not be supported solely conclusory allegations, but instead must be supported by a showing that counsel failed to assert a specific, viable defense. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989). Accordingly, a defendant cannot satisfy the Strickland standard by "vague and conclusory allegations that some unspecified and speculative" evidence might have established his defense." Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991).

Respondent persuasively and very thoroughly explains in the response to the section 2255 motion how each specific "error" asserted by Movant as comprising a violation of Movant's right to the effective assistance of trial counsel was neither unconstitutionally deficient performance by trial counsel or prejudicial to Movant.

### III Conclusion

Movant procedurally defaulted some of his section 2255 claims by failing to raise them in his direct appeal. Movant has not established that his appellate counsel's alleged "failure" to raise these issues violated Movant's right to the effective assistance of appellate counsel and, accordingly, Movant has not shown cause for nor prejudice arising from his procedural default of these claims. Movant arguably raised some of his claims in his direct appeal and, accordingly, the Court should not consider the merits of those claims in his section 2255 action. Movant has not demonstrated that his trial counsel's performance was deficient or that he was prejudiced by any alleged deficient performance and, accordingly, Movant's assertion that he was denied his right to the effective assistance of counsel may be denied on the merits.

**IT IS THEREFORE RECOMMENDED that** Mr. Manuelito's motion for relief from his conviction and sentence pursuant to section 2255 be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 14th day of August, 2014.

_____
Mark E. Aspey
United States Magistrate Judge