**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

               Plaintiff/Respondent,

    vs.

Nathan Brooks Manuelito,

               Defendant/Movant.

No. CV-13-08071-PCT-PGR (MEA)
CR-09-08073-PCT-PGR

<u>ORDER</u>

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Aspey (Doc. 22) in light of movant Nathan Brooks Manuelito's Pro Se Objection to Report and Recommendation (Doc. 23), the Court finds that the objections should be overruled because the Magistrate Judge correctly concluded that the movant's motion, filed pursuant to 28 U.S.C. § 2255, should be denied.

The movant stabbed Danny Ethelbah three times on April 22, 2009, which resulted in Ethelbah receiving life threatening wounds.  On July 1, 2009, a federal grand jury indicted the movant on two felony counts arising from the stabbing: Count 1 being assault with a dangerous weapon, in violation of 18 U.S.C. § 1153 and § 113(a)(3), and Count 2 being assault resulting in serious bodily injury, in violation of 18 U.S.C. § 1153 and  §113(a)(6).  The indictment alleged that the crimes occurred

within the confines of the Fort Apache Indian Reservation and that the movant is an Indian.  The movant conceded at trial that he stabbed Ethelbah, but argued that he did so in self-defense. At the conclusion of movant's trial on October 16, 2009, the jury acquitted the movant on Count 1, but found him guilty on Count 2, assault resulting in serious bodily harm.  The movant was sentenced to 110 months in prison on March 22, 2010.  The movant, through his appellate counsel, raised one issue on appeal, which was that the Court had given an erroneous model jury instruction on self-defense. The Ninth Circuit Court of Appeals, concluding that the jury instruction was appropriate, affirmed the movant's conviction in its mandate issued on March 15, 2012.

The movant timely filed his pending § 2255 motion on April 1, 2013.  The movant's motion raises six grounds for relief, which include numerous subclaims. The first ground alleges that the movant's conviction on Count 2 after being acquitted of Count 1 constituted a violation of his double jeopardy rights.  The second ground alleges that the movant's due process rights were violated because the Government withheld exculpatory DNA evidence in violation of Brady v. Maryland, and because the Court granted two motions in limine submitted by the Government, whereby it excluded evidence related to victim Danny Ethelbah's prior acts and tribal convictions and the evidence of drugs in his system, without stating essential findings on the record supporting the exclusion, which the movant alleges prevented him from properly presenting his claim of self-defense to the jury and from properly arguing the propriety of the exclusion on appeal.  The third ground alleges that the Court failed to instruct the jury that it needed to unanimously accept or reject the movant's self-defense claim, that the Court failed to give a jury instruction regarding a lesser included offense of assault by striking, beating, or wounding, that

the Court failed to include a verdict form that specifically included the option of finding the movant not guilty by reason of self-defense, that the prosecutor committed misconduct in the form of vouching during closing arguments, that the composition of the jury violated the movant's equal protection rights because the Government excluded all of the Native Americans from the jury panel, that the movant was not given a medical evaluation until three weeks after the incident which deprived him of the medical documentation of his injured back and ribs that would have supported his self-defense claim, and that the trial transcript contained two transcription errors which prejudiced him.  The fourth claim alleges that the Court committed error in sentencing the movant because the Court improperly sentenced him as a career criminal, failed to give him a two point reduction for acceptance of responsibility, ordered him to pay an amount of restitution that was not supported by proper evidence, and cut him off during his sentencing allocution.  The fifth claim alleges that the movant received ineffective assistance of counsel from his trial counsel, basically due to that counsel's failure to object to the above mentioned trial errors.  The sixth claim alleges that the movant received ineffective assistance of appellate counsel, basically due to counsel failing to raise some of the above mentioned errors on appeal.

In his objections to the Report and Recommendation, the movant makes several references to the Magistrate Judge being biased against him, which arise from the Magistrate Judge's comment in his Report and Recommendation that "Respondent filed an exceptionally through and well-reasoned Response" in opposition to the movant's § 2255 motion, and from the Magistrate Judge's failure to rule in the Report and Recommendation on the movant's Motion for Evidentiary Hearing on all Grounds [and] Reasons Specified in Motion and § 2255 [and] Motion

1 Ad Testificandum on all Grounds (Doc. 20, filed August 4, 2014).  As a preliminary
2 matter, the Court rejects as meritless the movant's contention that the Magistrate
3 Judge "allied" himself with the Government and thereby denied the movant a fair
4 resolution of his § 2255 motion merely by making a factually true statement
5 regarding the Government's Response. The Court also rejects the movant's
6 allegation that the Magistrate Judge's failure to rule on the movant's evidentiary
7 hearing motion is evidence of prejudice.  The Report and Recommendation was
8 issued just seven business days after the movant's motion was filed, and it was
9 issued prior to the deadline established by LRCiv 7.2 for the movant to file his reply
10 in support of his motion.  There was nothing improper in the Magistrate Judge noting
11 in the Report and Recommendation the existence of the motion and impliedly
12 leaving its resolution to the undersigned Judge.

13        The Court agrees with the Magistrate Judge's conclusion that the movant
14 procedurally defaulted on any claim raised as part of his first, second, third or fourth
15 grounds that he did not raise in his direct appeal.  Because collateral review
16 pursuant to § 2255 is "an extraordinary remedy and will not be allowed to do service
17 for an appeal," Bousley v. United States, 523 U.S. 614, 621 (1998), absent a
18 showing of cause and prejudice or actual innocence, a § 2255 movant procedurally
19 defaults on all claims not raised in his direct appeal, other than claims asserting that
20 the movant was deprived of the right to the effective assistance of counsel. See
21 Massaro v. United States, 538 U.S. 500, 504 & 509 (2003).  The movant concedes
22 in his motion that the claims raised in his grounds one through four were not raised
23 in his direct appeal.  The only cause the movant asserts for his procedural defaults
24 is the ineffective assistance of his trial and appellate counsel, and the Court agrees
25 with the Magistrate Judge that the movant has not established any ineffective
26

assistance by his counsel.

In order to prevail on an ineffective assistance of counsel claim against either his trial or appellate counsel, the movant must show both that his counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In order to establish the first prong of the Strickland test, the movant must show, as to each individual claim of ineffectiveness, that his counsel's performance was unreasonable, *i.e.*, that it was not "within the range of competence demanded of attorneys in criminal cases." *Id.*, at 687.  In determining whether this prong was been met, the Court's scrutiny of counsel's performance must be "highly deferential," *id.*, at 689, since there is a "strong presumption" that counsel's conduct and strategy fell "within the wide range of reasonable professional assistance." *Id.* In order to establish the "reasonable probability" element of the prejudice prong, the movant must establish that counsel's errors resulted in "a probability sufficient to undermine confidence in the outcome" of the proceeding, *id.*, at 687, and that probability cannot be based merely on conjecture or speculation.

The movant argues that both his trial and appellate counsel were ineffective for numerous reasons.[1]  First, he argues that they were ineffective due to their failure to object to at trial or to raise on appeal his claims related to double jeopardy and/or the duplicity of the indictment.  Counsel were not ineffective for failing to raise these arguments because, as a matter of law, the indictment was not duplicious, and there

---

[1]

The Court has intentionally discussed only what it considers to be the most important of the movant's claims of ineffective assistance of counsel.  Those claims not discussed by the Court were also considered by the Court to be meritless.

1    was no double jeopardy and the movant was properly convicted of Count 2

2    notwithstanding his acquittal on Count 1 given the difference in elements between

3    the two counts.

4         Second, the movant also argues that both his trial and appellate counsel were

5    ineffective regarding the movant's claims related to the DNA evidence. The gist of

6    these claims are (1) that the Government failed to timely provide the DNA evidence

7    to the movant, and (2) that the DNA evidence was incomplete because the DNA

8    testing of the blood stains on the movant's pants showed DNA from more than one

9    source but the Government only tested them for the victim's blood, whereas,

10   according to the movant, a further DNA test would have shown that the movant's

11   own blood was also on his pants which would have been corroborating evidence

12   supporting his self-defense claim.

13        There was no ineffectiveness of counsel related to the DNA evidence because

14   the movant was not prejudiced by the lack of further DNA testing or any untimeliness

15   of the DNA disclosure inasmuch as there is no reasonable probability that the results

16   of the trial would have been different even if DNA evidence of the movant's blood on

17   his pants had been introduced.  This is so because the movant's theory of self-

18   defense was fatally undermined by his own trial testimony that Danny Ethelbah, the

19   victim, prior to the time the movant stabbed him, only grabbed the movant and never

20   threatened him with a knife or any other kind of a weapon and never hit him, that the

21   movant never saw any weapon on the victim, and that there shouldn't have been any

22   blood on the movant's pants or shoes except that of the victim.  The trial testimony

23   of the other witnesses corroborated the movant's testimony that the victim was not

24   carrying a weapon and had not threatened or assaulted the movant prior to being

25   stabbed. There was in fact overwhelming evidence that the stabbing was

26

                                        - 6 -

1  unprovoked.

2       Third, the movant, arguing that the composition of his jury prejudiced his right

3  to a fair trial, asserts that his trial counsel was ineffective for not challenging the fact

4  that his jury included eleven females and no Native Americans. There was no

5  ineffectiveness regarding the jury-related arguments because the movant has not

6  established prejudice.   His contention that the trial outcome would have been

7  different had he received a different jury is pure speculation given the overwhelming

8  evidence presented at trial of his guilt as to the count on which he was convicted.

9       Fourth, the movant argues that both his trial and appellate counsel were

10  ineffective as a result of their failing to pursue his argument that the Court's granting

11  of the Government's two motions in limine regarding the exclusion of evidence of the

12  victim's prior acts and drug use prevented the movant from fully establishing his self-

13  defense claim.   Neither counsel's performance fell below an objective standard of

14  reasonableness regarding the motions in limine because trial counsel did make an

15  argument regarding the propriety of the motions and the Court did give its reasoning

16  on the record for its decision to grant the motions.  Furthermore, the movant has not

17  established any non-speculative prejudice as to any issue related to the rulings on

18  the motions in limine because, notwithstanding the precluded evidence, the movant

19  was able to present his self-defense claim to the jury through his testimony, for

20  example, that the victim despised him and had threatened him with physical harm

21  on several previous occasions, that the victim always carried knives on him, as well

22  as other weapons such as nunchucks and brass knuckles, and that just before the

23  movant stabbed him, the victim looked at him in a wild and crazy manner while he

24  had one hand hidden from sight and then he lunged at the movant, at which time the

25  movant thought that the victim was actually going to stab him and kill him.

26

1    Fifth, the movant argues that his trial counsel was ineffective for not invoking

2    the movant's right to a jury instruction for the lesser included offense of striking,

3    beating, or wounding.  There was no ineffectiveness as to this issue because the

4    movant was not entitled to such an instruction. *See* United States v. Watson, 235

5    Fed.Appx. 533, at *1 (9th Cir.2007) (In an appeal from a conviction for assault

6    resulting in serious bodily injury in violation of 18 U.S.C. § 1153 and 113(a)(6), the

7    court found that the trial court did not abuse its discretion in refusing to give an

8    instruction on a lesser included offense of striking, beating or wounding in violation

9    of § 113(a)(4) because the evidence was uncontradicted that the victim suffered

10   serious bodily harm.); *see also*, United States v. Bruce, 458 F.3d 1157, 1162 n.1

11   (10th Cir. 2006) (Court stated that "assault by striking, beating, or wounding is not a

12   lesser-included offense of assault resulting in serious bodily injury."); United States

13   v. Camejo, 333 F.3d 669, 674 (6th Cir.2003) (same);  United States v. Pierre, 254

14   F.3d 872, 875 (9th Cir.2001) (Court stated that assault by striking, beating, or

15   wounding is not a lesser-included offense of assault with a dangerous weapon.)

16   Sixth, the movant argues that his trial counsel was ineffective for not objecting

17   to various statements made by the prosecutor in her closing argument which the

18   movant alleges amounted to misconduct.  There was no ineffectiveness because

19   there was nothing improper about the prosecutor's closing inasmuch as her

20   arguments were properly based on the trial testimony and the reasonable inferences

21   arising from that testimony, and because there is no reasonable probability that the

22   outcome of the trial would have been different had the movant's trial counsel made

23   the objections the movant argues should have been made.

24   Seventh, the movant argues that his trial counsel was ineffective because he

25   "abandoned" the movant at sentencing because he did not object to everything the

26

- 8 -

movant wanted him to.  There was no abandonment and the movant hasn't established that his counsel's conduct otherwise fell below an objective standard of reasonableness.  The record establishes that the movant's trial counsel sought and obtained two continuances of the sentencing date because he needed additional time to discuss the Presentence Report ("PSR") with the movant and to research and prepare objections to the PSR and to obtain records to support mitigation, that he filed a Motion for Downward Departure and Request for Variance on the basis that the movant's past criminal history was not serious enough to warrant a finding of career criminal status, and he filed an objection to the PSR on the basis that the movant should not be denied a two point reduction for acceptance of responsibility. The movant also has not shown any prejudice in that he has not made any non-speculative showing that the length of his sentence or the amount of his restitution would have been different had his counsel made every argument the movant wanted him to.

Because the movant's claims regarding his sentence are meritless, his appellate counsel was not ineffective for not raising them in the movant's appeal.

Eighth, the movant argues that his appellate counsel had a conflict of interest with him by failing to confer with him, delegating the case to other attorneys in his office, and by not raising on appeal the issues the movant wanted raised.  The movant has not established that any of these issues constitute ineffective assistance of counsel.  As the Ninth Circuit twice advised the movant during the pendency of his appeal, his counsel was vested with the authority to determine which issues should be raised on appeal. Furthermore, even if appellate counsel violated some ethical rule in representing the movant, an attorney's violation of an ethical rule does not constitute *per se* ineffective assistance of counsel. *See* United States v.

Nickerson, 556 F.3d 1014, 1019 (9th Cir.2009). What must be established through a factual showing is that an actual conflict of interest, not just the possibility of a conflict, adversely affected his lawyer's performance, *id.*, and the movant has not made any such showing.

Having reviewed the movant's Motion for Evidentiary Hearing (Doc. 20) in its entirety, and the Government's response to it, the Court concludes that the motion should be denied.  Under 28 U.S.C. § 2255(b), an evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  The movant has not made the necessary showing that he is entitled to relief.

In his Motion for Evidentiary Hearing, which the movant states is also a reply in support of his § 2255 motion, the movant not only reiterates some of the arguments raised in his § 2255 motion, such as those related to the double jeopardy, DNA testing, and the motions in limine issues, but he also raises a new issue related to his Indian status not set forth in his § 2255 motion, *i.e.*, that the Court erred by not acquitting him on the ground that the Government failed to introduce evidence satisfying the requirement of 18 U.S.C. § 1153 that the movant must be an Indian, which the Court notes was not the subject of the movant's motion for acquittal at trial that the Court denied, and that the Court erred in not giving a specific jury instruction on Indian status, which the Court notes that the movant did not request.  The Court construes the movant's claim as one challenging the sufficiency of the evidence against him and as such it is subject to time and procedural bars.  The Court concludes that the movant waived this issue by not raising it in his § 2255 motion. The Court further concludes that, even if the issue is properly before the Court, the movant procedurally defaulted as to it by not raising it on his direct appeal.  While

the movant does not explicitly so argue, the Court presumes that he is relying on ineffectiveness of counsel as the cause to excuse his procedural default regarding the Indian status issue.

The Court is unpersuaded by the movant's contention that the trial evidence as to this issue was insufficient for purposes of 18 U.S.C. § 1153.  In order to establish the movant's legal status as an Indian under § 1153, the Government had to prove beyond a reasonable doubt that the movant had some degree of Indian blood and had tribal or federal recognition as an Indian. *See* United States v. Bruce, 394 F.3d 1215, 1223 (9th Cir.2005).  At the time of the movant's trial, the Ninth Circuit recognized that "tribal enrollment" was "the common evidentiary means of establishing Indian status[.]" *Id.*, at 1224.  At the movant's trial, the Government stated to the jury, in both its opening and closing arguments, that it had the burden of proving that the movant is an Indian, and both the Government and the movant submitted jury instructions noting that an element of both of the counts the movant was charged with was that the movant must be an Indian, and the Court gave that instruction.  The movant testified at trial that he is an enrolled member of the White Mountain Apache Tribe, that he grew up and went to school in Whiteriver, which is located within the Fort Apache Indian Reservation, and that he was living on the reservation at the time of the incident.  Furthermore, the Government introduced without objection at trial the movant's Certificate of Indian Blood which it obtained from the tribal secretary for the White Mountain Apache Tribe.  While the movant argues that the Government failed to establish at his trial that the White Mountain Apache Tribe had achieved federal recognition, he does not argue that the tribe is not in fact a federally recognized tribe and he cannot do so because it cannot be disputed that at all times relevant to the movant's criminal proceeding the White

Mountain Apache Tribe was on the Bureau of Indian Affairs' list of federally recognized tribes.  The movant in fact nowhere disputes that he is actually an Indian for purposes of 18 U.S.C. § 1153, and there is no evidence in the record that he is not an Indian.  *See* United States v. Indian Boy X, 565 F.2d 585, 594 (9th Cir.1977) (Court noted that evidence of Indian status that appears to go beyond mere enrollment suffices for purposes of 18 U.S.C. 1153 "at least where there is absolutely no evidence to the contrary.")

There was no ineffectiveness on the part of the movant's counsel as to the issue of whether the movant is an Indian because counsel's failure to raise at trial or on appeal a legal argument that lacked obvious merit cannot constitute ineffective assistance.[2]  Furthermore, there has not been any sufficient showing that any deficiency on counsels' part as to this issue sufficiently undermines confidence in the outcome of the movant's criminal proceeding because the movant does not dispute that he is an Indian.

The movant has also filed a motion (Doc. 25), received on February 25, 2015 after the completion of the briefing on his § 2255 motion, which the Court construes as a motion to compel, wherein the movant requests that the Court order his prison to give him his active court documents so that he can actively pursue his case and

---

[2]

While the movant argues that the Court erred in not giving the Ninth Circuit's model jury instruction 8.113, "Determination of Indian Status for Offenses Committed Within Indian Country (18 U.S.C. § 1153), that model jury instruction was not in existence at the time of the movant's trial.

Furthermore, the movant's reliance on United States v. Zepeda, 738 F.3d 201 (9th Cir.2013), which the movant cites for the proposition that a tribal certificate of enrollment is not sufficient evidence of Indian status for purposes of § 1153, is improper because the Ninth Circuit is currently reviewing that decision en banc and has ordered that the decision "shall not be cited as precedent by or to any court of the Ninth Circuit." United States v. Zepeda, 742 F.3d 910 (9th Cir. 2014).

effectively respond to the Court's decision.  He states that the prison's Special Housing Unit has, since December 27, 2014, withheld his personal property and court documents that he is authorized to have, and that the prison staff has failed to give him administrative remedy forms regarding his legal documents since February 22, 2015.  Since this § 2255 action is now concluded in this Court, and because the Court does not in any case know if the administrative situation the movant is complaining about (which may have arisen from the movant's transfer to a new prison), has now been resolved, the Court will deny the motion to compel without prejudice.  Therefore,

IT IS ORDERED that the movant's Motion for Evidentiary Hearing on all Grounds [and] Reasons Specified in Motion and § 2255 [and] Motion Ad Testificandum on all Grounds (Doc. 20) is denied.

IT IS FURTHER ORDERED that the movant's motion to compel (Doc. 25) is denied without prejudice.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 22) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1) is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue and that the movant is not entitled to appeal *in forma pauperis* because the movant has neither made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would find the Court's assessment of the movant's constitutional claims debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment

- 13 -

1  accordingly.

2       DATED this 11th day of May, 2015.

3

4

5       Paul G. Rosenblatt
        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26